UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RODNEY LEON SMITH,

v.  Case No. 3:06-cr-289-J-33MCR
3:10-cv-1064-J-33MCR

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Smith's Rule 59(e) motion to alter or amend the judgment. (Doc. cv-18).

**Background**

On April 5, 2011, the Court denied Smith's timely-filed motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-5). Judgment was entered April 6, 2011. On April 7, 2011, Smith filed a motion for miscellaneous relief, stating that he never received a copy of the Government's response, and requesting a copy of the response so that he could prepare a reply, which Smith subsequently filed. (Docs. cv-9). Smith's reply (Doc. cv-11) was a reprise of his previously rejected claims which, as the Court pointed out in its order denying the section 2255 motion, were negated by the record. In the order denying the reply, the Court also denied Smith's motion for an evidentiary hearing. (Doc. cv-15).

Now before the Court is Smith's Rule 59(e) motion to alter or amend the judgment. Smith originally filed an unsigned motion which the Court returned to him for his signature. He timely returned the signed motion.

**Discussion**

A Rule 59(e) motion to alter or amend is an extraordinary request seeking a drastic remedy; once issues have been carefully considered and determined, the power to reconsider "must of necessity be used sparingly." *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 914 F. Supp. 1072 (M.D. Fla. 1993); *see Booker v. Singletary*, 90 F.3d 440 (11th Cir. 1996). The relief sought should only be granted where there has been a change in the legal or factual underpinnings for the decision. Case law is clear in establishing that such a motion "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

These conditions for reconsideration have not been satisfied in this case. Rather than offering new facts or law which could not have been presented earlier, Smith has merely rehashed his prior arguments, expressing disagreement with this Court's conclusions and suggesting that this Court overlooked or misapprehended his claims. Such relitigation is not appropriate in a postjudgment motion. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

Accordingly, the Court orders:

That Smith's Rule 59(e) motion to alter or amend the judgment (Doc. cv-18) is denied.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of

appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 2, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Andrew Tysen Duva
Rodney Smith